STANISLAUS STOLL *vs.* LEON HOUDE and others.

October 13, 1885.

**Libel—Pleading—Official Character.**—Where the language of the libel as pleaded shows on its face that it was used of and concerning the plaintiff in an official capacity or special character, an express averment that it was so used is unnecessary.

Appeal by defendants from an order of the district court for Morrison county, *Collins*, J., presiding, overruling their demurrer to the complaint.

The complaint alleges that the plaintiff is, and for more than one year has been, county treasurer of Morrison county, and that the defendants, on April 3, 1885, published in the Little Falls Transcript, a newspaper published at Little Falls, and having a general circulation in Morrison county, the following malicious and defamatory matter of, and concerning, the plaintiff, to wit:

"Milk and water is an intoxicating drink compared to the editorial columns of the Sun. He says to a large extent, they, Rhodes, Storey and Stoll, succeeded in their endeavors in preventing legislation which would have cost the county thousands. We would suggest, that had the county dispensed with the services of Storey and Stoll they would more surely have saved the county thousands."

"One word with reference to that unconscionable falsifier, Stoll. He is too unsavory a subject to make me want to handle him without a cologne-soaked sponge securely fastened to my nose. The voters and tax-payers of Morrison county will mark this, my prediction, at the expiration of his present term of office, which is his last, let there be an investigation into the affairs of the office, and if the administration of the office under Calhoun Hays does not appear as sunlight to darkness in comparison, then I am willing to be called a false prophet and without honor in my own country.

"If the branding iron isn't brought into use and the letter "D" burned onto the place where Donnelly said the Washburn family were all stamped, then indeed am I mistaken. The letter "D" may

v.34m—13

stand for several things, as, for instance, deserted, defaulter, etc.  I have no doubt you would find one "D" already stamped somewhere on his person, for we understand he endeavored several times to evade the military service of his native country without success, and that is the way they treat deserters over there.

"But I don't say "D" with reference to his official position, for there is no danger of his deserting that until the people kick him out a year from next fall, but I apply the "D" in another sense; the public can draw its own inference.

"Yours, etc.,                                                    LEON HOUDE.

"P. S.   Since writing above I have received a telegram from headquarters, stating that President Cleveland has determined upon making a few appointments to foreign missions from among the pretended prominent leaders of the Democratic party in this town. Stoll was to have been sent as minister resident to Berlin, but the president heard of that "D" branded on his shoulder, and hence he loses the appointment.                                              H."

The complaint contains the further allegations that said Calhoun Hays was acting deputy treasurer of Morrison county in 1870 and 1871, and as such was guilty of gross and wilful neglect of his official duties, and squandered, misappropriated and embezzled a large proportion of the funds of said county, in a sum exceeding $3,000, all which facts were at the time of the publishing of said matter well known to, and matters of common report among, the inhabitants of Morrison county, and by them believed to be true, and that the plaintiff has been damaged in the sum of $5,000.   The foregoing are all the allegations of the complaint.

*Oscar Taylor* and *E. H. Farnham*, for appellants.

*Taylor & Calhoun*, for respondent.

MITCHELL, J.   The language of the alleged libel, as pleaded, plainly shows on its face that it was used of and concerning the plaintiff in his official character of county treasurer.   Therefore it was unnecessary that the complaint should contain an express averment that it was so used.   When taken in connection with the allegations that the Hays mentioned—a former deputy county treasurer—was an em-

bezzler and defaulter, the language of the libel, on its face, clearly implies a charge of similar or greater official misconduct on part of the plaintiff. The complaint, therefore, stated a cause of action, and the demurrer was properly overruled.

Order affirmed.